DECISION
Before the Court sitting without a jury is an action brought by Lockheed Aluminum Window Corporation (plaintiff) alleging a violation of the City of East Providence's Charter and Revised Ordinance by the City of East Providence and various individuals in their capacity as members of the East Providence School Department and School Committee (defendants), when they failed to award a replacement window contract for East Providence High School to plaintiff. The plaintiff seeks damages, including expenses and lost profits.
Facts/Travel
Plaintiff is a Rhode Island corporation engaged in the business of manufacturing, selling and installing windows and related window products. On December 9, 1991, defendants solicited bids for replacement windows for East Providence High School. On December 30, 1991, plaintiff submitted a timely bid in the amount of $71,849.00. Also submitted was a bid by Graham Glass Company (Graham) in the amount of $73,291.00. On the same day, defendants accepted and opened the bids. On January 14, 1992, defendants awarded the replacement window contract to Graham. Defendants notified all interested parties of the award by mail.
Pursuant to this award, plaintiff filed suit in the Providence County Superior Court alleging that the award was in violation of the Charter for the City of East Providence and Section 2-244 of the East Providence Revised Ordinance. The defendants responded to the complaint by filing a Motion to Dismiss, in which they argued that by bringing suit against the individual members of the East Providence School Committee and the Administrator of the School Department, plaintiff failed to name the proper party, the City of East Providence. The plaintiff filed an objection to the Motion to Dismiss as well as a Motion to Amend the Complaint to Add a Party Defendant, the City of East Providence. By order of the court dated July 20, 1993, the defendant's Motion to Dismiss was denied and the Motion to Amend the Complaint was granted.
Therefrom, discovery proceeded and a bench trial was scheduled.
THE CONTRACT AWARD
The plaintiff initially contends that the Charter of the City of East Providence, Section 10-3, and the East Providence Revised Ordinance, Section 2-244, prohibit the action taken by the defendant. More specifically, plaintiff alleges that the defendants acted outside the scope of their authority by awarding the contract to Graham and that said action was unreasonable, irresponsible, arbitrary, capricious, and contrary to public interest.
A. Section 10-3 of the East Providence City Charter
The plaintiff first argues that Section 10-3 of the East Providence City Charter, which outlines the powers and duties of the city's school committee, does not authorize the school committee to solicit, accept and open bids, nor does it authorize it to award a contract. Specifically, plaintiff cites to Section 10-3(6), which provides
 "(6) The finance department of the city shall assume all the purchasing functions of the school committee, in accordance with the requisitions of the school committee, and shall purchase and distribute such supplies and materials as are required by the public schools. The costs for such supplies and materials shall be charged against the appropriation for the public schools."
The plaintiff interprets this section to mean the finance department, not the school committee, is empowered to solicit, accept, and open bids and then award the contract.
The plaintiff fails to consider, however, subparagraph two of the same section, which provides:
 "(2) The school committee shall determine and control all policies affecting the administration, maintenance and operation of the public schools,
and shall have all the powers and be subject to all the duties as prescribed by the laws of the state."
(Emphasis added.) Soliciting and accepting bids, as well as awarding the replacement window contract, is covered by this section. By awarding the contract to Graham, the defendants are not actually "purchasing supplies or materials as required by the public school." Rather, they are determining who will perform the "maintenance and operation of the public schools." In addition, subparagraph seven of Section 10-3 states:
 "(7) No member of the school committee shall vote in the matter of any contract, job, work or service
or the purchase of any property in which he is interested directly or indirectly nor shall he take any official action relating thereto. All such transactions shall be by the authority of the school committee with the interested member not voting."
(Emphasis added.) The drafters of the charter would not have included this section had they not intended the school committee to vote in matters concerning contract awards. See Cocchini v.City of Providence, 479 A.2d 108, 111 (R.I. 1984) (Supreme Court will not ascribe to the legislature intent to enact legislation that is devoid of any purpose, is efficacious, or is nugatory).
In further support of this conclusion, this Court cites the express language of the East Providence School Department's Policy Manual (policy manual). Pursuant to R.I.G.L. § 16-2-32, all school committees within the state must maintain a policy manual containing all of the committee's policies "which will be used as a source to govern each school system." Section 9-5(a) of the policy manual's chapter on purchasing procedures explicitly states that "the school committee shall have the authority to award all contracts within the purview of this policy." Accordingly, this Court finds that the defendants' actions were within the scope of their authority, as provided by Section 10-3(2) of the East Providence City Charter and Section 9-5(a) of the East Providence School Department's Policy Manual.
B. Section 2-244 of East Providence Revised Ordinance
The plaintiff also argues that in awarding the contract to Graham, who was not the lowest bidder, defendants violated the provisions of Section 2-244 of the East Providence Revised Ordinance. The plaintiff argues further that this violation was unreasonable, irresponsible, arbitrary, capricious and contrary to public policy.
Section 2-244 of the East Providence Revised Ordinance applies to competitive negotiations. The ordinance states:
 "Sec. 2-244. Competitive negotiation.
 (a) When, under regulations adopted by the city council, the purchasing agent determines in writing that the use of competitive sealed bidding is not practicable, and except as provided in section 2-246 and section 2-244.2, a contract may be awarded by competitive negotiations.
 * * *
 (c) Contracts may be competitively negotiated when it is determined in writing by the purchasing agent that the bid prices received by competitive sealed bidding either are unreasonable as to all or part of the requirements, or were not independently reached in open competition, and for which:
 (1) Each competitive bidder has been notified of the intention to negotiate and is given reasonable opportunity to negotiate; and
 (2) The negotiated price is lower than the lowest rejected bid by any competitive bidder; and
 (3) The negotiated price is the lowest negotiated price offered by a competitive offeror."
The plaintiff alleges that in awarding the replacement window contract to Graham, plaintiff acted in violation of this ordinance. The plaintiff's reliance on Section 2-244, however, is misplaced.
In paragraph three of plaintiff's complaint, plaintiff states that "defendants solicited bids for replacement windows." (Emphasis added.) Furthermore, attached to the complaint was a copy of the bid solicitation from the East Providence School Department. According to the provisions of the bid solicitation, a competitive sealed bidding scheme, as provided in Section 2-243, and not a competitive negotiation, as provided in Section 2-244, was utilized in awarding the contract. Accordingly, defendant did not violate the provisions of Section 2-244.
Even assuming plaintiff had cited the correct provision(s) in its complaint, it still would not prevail in the instant matter. Section 2-243 of the East Providence Revised Ordinance provides, in pertinent part:
 "Sec. 2-243 Competitive sealed bidding.
 (a) All supplies and contractual services, except as otherwise provided in this article, exceeding the amount provided by section 2-244.2[1], shall be awarded by competitive bidding unless it is determined in writing that this method is not practicable.
 * * *
 (b) Notice of inviting bids:
 (1) The invitation for bids shall state whether award shall be made on the basis of the lowest bid price or the lowest evaluated or responsive bid price. If the latter basis is used, the objective measurable criteria to be utilized shall be set forth in the invitation for bids if available.
 (2) Adequate public notice of the invitation for bids shall be given a sufficient time prior to the date set forth therein for the opening of bids.
 * * *
 (c) Bid opening procedure:
 (1) Bids shall be opened publicly in full view of the public at the time and place designated in the invitation for bids.
 * * *
 (3) The contract shall be awarded with reasonable promptness by written notice to the responsive and responsible bidder whose bid is either the lowest bid price, or lowest evaluated or responsible bid price."
Also relevant is Section 8 of the policy manual, which also addresses the bidding procedure utilized in awarding contracts and requires that a competitive bidding scheme be used when practicable. Section 9 of the policy manual further requires that:
 "Section 9. Formal Contract Procedure. All supplies and contractual services, except as otherwise provide in this policy, when the estimated cost thereof shall exceed $2,000.00, shall be purchased by formal written contract from the lowest responsible bidder after due notice inviting proposals.
 5(b) Lowest Responsible Bidder. Contract shall be awarded to the lowest responsible bidder. In determining "lowest responsible bidder," in addition to price, the Agent shall consider: 1. the ability, capacity, and skill of the bidder to perform the contract or provide the service required; 2. whether the bidder can perform the contract or provide the service promptly or within the time specified without a delay or interference; 3. the character, integrity, reputation, judgment, experience, and efficiency of the bidder; 4. the quality of performance of previous contracts or services; 5. previous and existing compliance by the bidder with laws and ordinances relating to the contract or service; 6. the sufficiency of the financial resources and ability of the bidder to perform the contract or provide the service; 7. the quality, availability and adaptability of the supplies or contractual services to the particular use required; 8. the ability of the bidder to provide future maintenance and service for the use of the subject contract; 9. the number and scope of conditions attached to the bid."
Sections 9, 9-5(b).
In the case at bar, plaintiff alleges that on December 9, 1991, defendants solicited bids for replacement windows. In its attached bid solicitation, the East Providence School Department stated that "the sealed proposals to furnish the East Providence School Department with Replacement windows should be received in the office of the School Business Administrator by 10:30 a.m. on December 30, 1991, at which time they were to be publicly opened." Bid Solicitation at 1. Pursuant to section 2-243(b)(1) of the Revised Ordinance and Section 9-5(b) of the policy manual, the School Department reserved the right to reject any and all proposals, to waive any informalities in the proposals received, and to accept the proposal deemed to be in the best interest of the school department. Id. After the bids had been received, the Department voted at its meeting on January 14, 1992 to award the contract to Graham. All other applicants were notified by letter dated January 15, 1992, that Graham had received the contract. Viewing these facts, in conjunction with the provisions of Section 2-243 of the Revised Ordinance and Section 9-5(b) of the policy manual, it is clear that the defendants followed the requisite procedure and did not violate any applicable law.
The Court further notes that even though plaintiff's bid was $1,442.00 less than that of Graham's, this fact alone does not form a sufficient basis from which to rule in favor of the plaintiff. "The judiciary will interfere with an award only when it is shown that an officer or officers charged with the duty of making a decision has acted corruptly or in bad faith, or so unreasonably or arbitrary as to be guilty of a palpable abuse of discretion." Gilbane Building Company v. Board of Trustees ofState Colleges, 107 R.I. 295, 300, 267 A.2d 396, 399 (1970) (citations omitted). Furthermore, construction of the bid provisions should be construed to permit "the awarding authority to exercise a reasonable, good-faith discretion, and does not commit it unqualifiedly to the lowest bid." Goldman Inc. v.Burns, 109 R.I. 236, 239, 283 A.2d 673, 675 (1971). In their bid solicitation, defendants specifically stated that they would "accept bid proposals deemed to be in the best interest of the School Department." Bid Solicitation at 1. The plaintiff has not met its burden of showing that the defendants acted corruptly, unreasonably or so arbitrarily as to be guilty of palpable abuse of discretion. Accordingly, the award must stand.
For the aforementioned reasons, this Court finds that the award of the window replacement contract to Graham was proper and in compliance with all applicable rules and regulations. Judgment shall enter for the defendants.
Counsel shall submit the appropriate order for entry.
[1] Section 2-244.2 provides for "small purchases" which is defined as "procurements not to exceed an aggregate amount of ten thousand ($10,000.00) for construction and five thousand ($5,000.00) for all other purchases. . . ."